## Ervin v. Cline.

[No. 8,602. Filed June 17, 1915.]

Appeal.—*Review.— Verdict.— Evidence.*— Where plaintiff charged that defendant, as his agent, had procured a certain contract whereby a third person was to exchange lands with plaintiff, and that defendant had caused plaintiff to cancel such contract and had received $1,500 for so doing, and sought to recover such sum from defendant, less a reasonable amount for commission; and the contracts in evidence, construed together, showed that defendant could not be held for a share of the profits unless the exchange of land was completed; and there was parol evidence that defendant was not plaintiff's agent, but that they were to be partners if the exchange was consummated, as well as the testimony of defendant that he did not cancel or procure the cancellation of the contract, and evidence showing that the $1,500 received by defendant was for prior services rendered to the owners of the land held in the name of such third person, a verdict for defendant can not be disturbed.

From Superior Court of Marion County (82,426) ; *Vinson Carter,* Judge.

Action by Edmon P. Ervin against Benjamin F. Cline. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Donald S. Morris* and *Wm. Featherngill,* for appellant. *Charles F. Remy* and *James M. Berryhill,* for appellee.

IBACH, P. J.—The only question presented is whether there is evidence to sustain the verdict.

The theory of the complaint is that appellee, defendant below, had as appellant's agent obtained a contract whereby one Dr. McKinstray was to exchange lands with appellant, that appellee had caused appellant to cancel this contract, and had been paid $1,500 for so doing, that appellant had demanded that appellee turn this money over to him, less a reasonable commission, that appellee failed to turn over any part of it, and had converted it to his own use. The prayer was for the recovery of this $1,500, and of $2,000 which would have been appellant's profits on the deal.

There were in evidence four written exhibits. The first, dated December 15, 1909, was a proposition from McKinstray to appellee, offering to exchange with him or those whom he represented, certain described lands for certain other described lands. There was written on this paper an acceptance of the proposition signed by appellant, dated December 16, 1909. The second exhibit was a deed dated January 14, 1910, from McKinstray to Joseph E. Bell for the same lands, upon the consideration of $36,000. The third was an agreement between appellee and appellant, dated December 17, 1909, whereby appellant was to purchase the same real estate described in McKinstray's proposition and deed, for $36,700, and appellee was to have the exclusive right to sell the whole or any part of it for two years, and to plat and subdivide it, and after all expenses were paid, appellee was to have two-thirds of the profits, and appellant the remainder; and appellee insured to appellant that he would sell the land at a price to realize $36,700

and expenses, or would buy it himself at that price. The fourth exhibit was a rider to the third, in the following words:

"It is agreed by and between Benjamin F. Cline and Edmon P. Ervin, the parties to the annexed and following agreement, that said agreement is executed and delivered upon the expressed condition that the said Cline shall complete the exchange of real estate with one Homer R. McKinstray as set forth in a written proposition made by McKinstray under date of December 15, 1909, and accepted by said Ervin on December 16, 1909. And if said Cline shall fail to complete said exchange of real estate as set forth in the above named written proposition, then the following contract to which this agreement is attached, executed by said Cline and Ervin on this date shall be absolutely void and the same shall be returned to the said Edmon P. Ervin."

There was evidence that the three contracts between Ervin and Cline were all signed at the same time, or at least that the first one was signed on December 16, and all delivered together on December 17. Such being the case they must all be construed together, and according to their terms, appellee can not be held by appellant for a share in profits, unless the exchange between appellant and McKinstray was completed. In confirmation of this construction of the contracts, there was parol testimony that Cline was not Ervin's agent in the deal, but that he and Ervin were to have been partners had it gone through, and that such contract of partnership was not to be entered into unless the McKinstray deal was consummated. Appellee said that he did not cancel the McKinstray contract, and did not procure its cancellation. The evidence showed, and appellee admits, that he received $1,500 from his brother Fred Cline and Dr. Kimberlin, who were the real owners of the land to which they had taken title in the name of Dr. McKinstray when they purchased it. Appellee explains the receipt of the money by saying that he was instrumental in aiding his brother and

Dr. Kimberlin to purchase the land in the first place, and was to be paid for his services when it was sold, that in fulfilment of this agreement they paid him $1,500, after they sold the land, for what he had done for them when they purchased it, that he did not receive this as commission for selling the land to Bell, nor for the cancellation of the contract with Ervin, but solely for his services rendered when Fred Cline and Dr. Kimberlin originally purchased the land. Thus there was some evidence whereby the court was justified in finding that appellee had not committed the acts charged by appellant in his complaint, and was not liable to him for breach of trust. Judgment affirmed.

NOTE.—Reported in 109 N. E. 214. As to admission of parol evidence to aid construction of contract, see 5 Am. Rep. 241; 122 Am. St. 545. See, also, 3 Cyc. 348.